

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00037-CV

VALERIE L. MCNALLY NOW
KNOWN AS VALERIE JENKINS
AND KELLY ALANA MCNALLY
A/K/A KELLY ALANA WILKINS

APPELLANTS

V.

JOSEPH P. MCNALLY

APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY
TRIAL COURT NO. CIV-14-0690

----------

## MEMORANDUM OPINION[1]

----------

Appellants Valerie L. McNally now known as Valerie Jenkins and Kelly Alana

McNally a/k/a Kelly Alana Wilkins brought an appeal from the trial court's

December 20, 2016 "Order Granting Plaintiff's Traditional and No-Evidence

---

[1]*See* Tex. R. App. P. 47.4.

Motions for Summary Judgment and Denying Defendants' Traditional and No-Evidence Motions for Summary Judgment." Upon our review of the record, we determined that the trial court's December 20 order may not have been final and appealable because it did not resolve all claims against all parties.

Therefore, on March 17, 2017, we sent the parties a letter expressing our concern that we lacked jurisdiction. In our letter, we stated that the December 20 order did not appear to be a final judgment or an appealable interlocutory order, and we asked the parties to file a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. Appellants responded to our letter by conceding that the December 20 order is not final or appealable and by expressing that counsel for appellee Joseph P. McNally agrees that the order is not appealable.[2] We agree that the order is not a final judgment or an appealable interlocutory order, so we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West Supp. 2016) (listing types of appealable interlocutory orders).

PER CURIAM

PANEL: LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DELIVERED: April 27, 2017

---

[2]Appellants stated that when they filed their notice of appeal, they were unsure whether the December 20 order qualified as a final judgment and filed the notice of appeal "in an abundance of caution."